UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

KEVIN MICHAEL HAUSFELD USELMAN,

      Plaintiff,

v.

DENNIS L. BENSON, Executive Director,
Minnesota Sex Offender Program,

      Defendant.

Civil No. 11-3142 (PJS/JJG)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. BACKGROUND**

Plaintiff is a civilly committed patient at the Minnesota Sex Offender Program, ("MSOP"), in Moose Lake, Minnesota. He is attempting to sue MSOP's Executive Director, Defendant Dennis L. Benson, for alleged "civil rights" violations. The substantive allegations of Plaintiff's complaint, repeated verbatim and in their entirety, are as follows:

> "I, the Plaintiff state that since Defendant became executive director of the Minnesota Sex Offender Program I feel he has been extorting the mentally ill which includes myself. The Defendant has added policies and procedures into are [sic] placement that has [sic] affected Plaintiff's well

1

> being.  Defendant is making a profit through MinnCor which Defendant has placed into the Minnesota Sex Offender Program.  Defendant has while being part of the Department of Corrections has placed rules in the Minnesota Sex Offender Program based on the (DOC) rules and guidelines.  I feel this is taking advantage of Plaintiff and is Extorting him for his money and state of wellbeing.
>
> I, the Plaintiff am here at the Minnesota Sex Offender Program to get help and feel I am not getting the help I need.  I, the Plaintiff am being manipulated by the program reason being is [sic] I was on vulnerable adult status and taken off because the program felt it was alright for them to disregard anything I said.  I stated that I feel I am easily taken advantage of and it is extremely hard for myself to say no to people when they ask things of me."

(Complaint, [Docket No. 1], pp. 1-2, ¶s 6-7.)

Based on these few vague and confusing allegations, Plaintiff is seeking a judgment against Defendant Benson in the amount of $750,000,000, to compensate him for alleged "emotional-stress, self-harm for continuous depression over emotional break-downs, mental break-downs when doing daily activities, [and] physical and psychological damages."  (Id., p. 2, "Relief Requested," ¶ 1.)  Plaintiff is also seeking a judgment that would allow him to "order from any vender or supplier of my choice," and "allow any items of my choice," including "electronics, food, clothes or any other choice of items."  (Id., ¶ 2.)

## II. DISCUSSION

An IFP application will be denied, and the action will be dismissed, when the plaintiff has filed a complaint that fails to state a claim on which relief can be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state an actionable claim for relief, a plaintiff must allege a set of specific

historical facts, which, if proven true, would entitle the plaintiff to some redress against the named defendant(s) under some cognizable legal theory. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

Plaintiff's current complaint is plainly inadequate because (a) he has not identified any legal grounds for suing Defendant Benson, and (b) he has not described any specific acts or omissions by Defendant Benson, which could warrant any redress under any cognizable legal theory. Plaintiff's reference to his "civil rights" suggests that he might be seeking relief under 42 U.S.C. § 1983 for some alleged violation of his federal constitutional rights. However, the complaint does not mention the Constitution or any constitutional rights or principles. Furthermore, the complaint does not describe anything that Defendant Benson personally did, or failed to do, that could be viewed as a violation of Plaintiff's federal constitutional rights. See Iqbal, 129 S.Ct. at 1948 (in a federal civil rights action, the "plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). Plaintiff's vague accusations against Benson for "extorting the mentally ill," "making a profit through MinnCor," and imposing rules "based on (DOC) rules and guidelines" are

3

not sufficient. The complaint does not describe any specific historical events which, if proven true, would show that Defendant Benson violated Plaintiff's constitutional rights.

A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plaintiff's current complaint does not meet this standard. Even with the liberal construction that is required in pro se cases, (Atkinson, 91 F.3d at 1129, citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam)), Plaintiff's current complaint clearly fails to state any actionable claim for relief against Defendant Benson, (or anyone else). Because Plaintiff's complaint does not set forth sufficient allegations to state a cause of action on which relief can be granted, his IFP application must be denied, and this case must be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).


Dated: October 27, 2011

                                       s/ *Jeanne J. Graham*
                                       JEANNE J. GRAHAM
                                       United States Magistrate Judge

**NOTICE**

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **November 14, 2011.** A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.